UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MCMAHON,<br><br>Plaintiff,<br><br>v.<br><br>HOMESITE INSURANCE COMPANY OF THE MIDWEST, et al.,<br><br>Defendants. | Case No. 25-cv-05121-HSG<br><br>**ORDER GRANTING DEFENDANT GEICO'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

On July 8, 2025, Defendant Geico Insurance ("Geico") filed a Motion to Dismiss the Complaint filed by Plaintiff Patrick McMahon. Dkt. No. 15. The Court finds the matter appropriate for disposition without oral argument and deems it submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion.

Plaintiff filed this complaint in San Mateo Superior Court on May 15, 2025, seeking to recover damages arising out of alleged contractual breaches by his insurers. Dkt. No. 1-2. Defendants removed. Dkt. No. 1-1. Geico filed a motion to dismiss, asserting that it was not a party to Plaintiff's home insurance contract, and "at most," that it merely served as "an agent selling the [insurance] policy." Dkt. No. 15 at 6. And because it served only as an insurance agent, Geico argues that, under binding Ninth Circuit precedent, it cannot be held liable for Plaintiff's breach of contract, failure or delay in payment, or bad faith claims arising under his insurance policy. *Id.* at 11–13l *see also Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) (dismissing defendant acting as insurance agent from the case because it was not a party to the insurance contract). And because Plaintiff's remaining claims against it are derivative of those claims, Geico argues those must be dismissed as well. Dkt No. 15 at 13–17.

Plaintiff did not respond to Geico's motion by the July 22, 2025 deadline. On October 21,

2025, Plaintiff submitted a statement that he "now accepts that [Geico] was acting as an insurance agent, not as an insurer, and is not a party to the insurance contract to which this case pertains." Dkt. No. 26 at 2. Plaintiff concedes that because Geico served as an insurance agent and not an insurer, as a matter of law, it cannot be held liable under the contract at issue. *Id.*. In response to the Court's October 21, 2025 order to show cause, Plaintiff filed a statement of non-opposition pursuant to Local Rule 7-3(b) requesting that the Court grant Geico's motion with respect to Geico only. Dkt. No. 28 at 1–2.

      The Court finds that because it is undisputed that Geico served as an insurance agent and is not party to the insurance policy at issue, as a matter of law, Geico cannot be held liable on Plaintiff's claims. *Ensley*, 174 F.3d at 981. The Court therefore GRANTS Geico's motion to dismiss, Dkt. No. 15, and DISMISSES Defendant Geico from the case. The Court also TERMINATES AS MOOT Plaintiff's administrative motion requesting permission to appear remotely, Dkt. No. 25, as well as Plaintiff's motion seeking leave of the Court to file a late response to the October 10 order to show cause, Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: 10/23/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

2