United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MCMAHON,<br>Plaintiff,<br>v.<br>HOMESITE INSURANCE COMPANY OF THE MIDWEST, et al.,<br>Defendants. | Case No. 25-cv-05121-HSG<br>**ORDER TO SHOW CAUSE RE: FAILURE TO APPEAR AND FAILURE TO PROSECUTE AND ORDER DENYING PARTIES' STIPULATION**<br>Re: Dkt. No. 60 |

Pending before the Court is the parties' stipulation to Extend Pre-Trial Deadlines and Trial Date. *See* Dkt. No. 60. The parties were directed by the Court to attend a Case Management Conference on September 29, 2026 to discuss the stipulation and proposed extension. *See* Dkt. 61. As explained at the conference, the Court **DENIES** the parties' requested extension.

Plaintiff's counsel failed to appear for the Case Management Conference. For that reason, Plaintiff's counsel is **ORDERED TO SHOW CAUSE** why he should not be sanctioned for failing to attend the case management conference held on September 29, at 2:00 p.m. Plaintiff's counsel shall file a statement of two pages or less by October 5, 2026.

In addition, Plaintiff and/or his counsel have repeatedly failed to attend Court mandated conferences and meet deadlines in this case. *See e.g.* Dkt. Nos. 21, 27, 35, 36, 52 and 54. Most recently, Plaintiff and counsel failed to follow the Court's Amended Scheduling Order and comply with the parties' agreement regarding discovery. *See* Dkt. Nos. 59, 60. Federal Rule of Civil Procedure 41(b) provides that where a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Even without a motion from Defendant, this Court has the authority to dismiss this case for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Therefore, Plaintiff is

United States District Court
Northern District of California

**ORDERED TO SHOW CAUSE** why the case should not be dismissed for failure to prosecute in light of these apparent repeated failures to comply with the Court's orders. Plaintiff shall file a statement of five pages or less by October 5, 2026.

Plaintiff's counsel is also **ORDERED** to submit a detailed declaration explaining why he has failed to comply with the Court's orders and the parties' discovery plan and schedule. The declaration must be comprehensive with respect to whether, and if so why, Plaintiff and counsel failed to respond to written discovery without objections on August 13, 2026 as agreed, and have failed to do so since then. *See* Dkt. No. 60 at 3. The declaration must attach any relevant communications with opposing counsel. Counsel shall file this declaration by October 5, 2026.

**IT IS SO ORDERED.**

Dated: 9/30/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge